**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHAEL HENKELMAN<br>Petitioner<br>v.<br>MICHAEL HUERTA, ADMINISTRATOR,<br>FEDERAL AVIATION ADMINISTRATION;<br>AND<br>THE NATIONAL TRANSPORTATION<br>SAFETY BOARD,<br>Respondents. | ) | **PETITION FOR WRIT OF MANDAMUS** |

Michael Henkelman, Petitioner, by his undersigned counsel, hereby petitions this court for a Writ of Mandamus, and submits the following in support of:

STATEMENT OF JURISDICTION

Jurisdiction is proper in this court on several grounds. "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Furthermore, jurisdiction is proper in this court as the underlying action is based on Federal Regulations. 28 U.S.C. § 1331.

STATEMENT OF FACTS

1. Petitioner Michael Henkelman is a pilot for both the United States Air Force and Southwest Airlines, as such, Petitioner Henkelman is required to possess, in addition to other certificates and ratings, a First-Class Medical Certificate issued by the Federal Aviation Administration (FAA). See 14 C.F.R. Section 61.23.

2. On March 13, 2010, more than six years ago, Mr. Henkelman was arrested for driving (an automobile) under the influence (DUI) of alcohol.

3. The facts, circumstances, and subsequent legal action were reported to the FAA in accordance with the Federal Aviation Regulations.

4. The Federal Air Surgeon, considering certain aspects of Mr. Henkelman's DUI charge, made an initial determination that Mr. Henkelman would not qualify for a First-Class Medical certificate unless he participated in a program called the "HIMS Program."

5. The HIMS Program Mission Statement states in part that, "The HIMS concept is based on a cooperative and mutually supportive relationship between pilots, their management, and the FAA..." and that, "Following successful treatment and comprehensive continuing care, the pilot is eligible to seek FAA medical re-certification."

6. The Federal Air Surgeon has issued him "special issuance" medical certificates pursuant to 14. C.F.R. § 67.401 approximately once every six months since March 2012. As such Mr. Henkelman has shown to the satisfaction of the Federal Air Surgeon that the duties authorized by a First-Class medical certificate can be performed without endangering public safety during the period for which they are in force. See 14. C.F.R. § 67.401(a).

7. Mr. Henkelman has abstained from all alcohol consumption for greater than 5 years, well in excess of the prescribed regulatory standard of 2 years.

8. On July 20, 2015, Mr. Henkelman applied for a medical certificate with information supporting his request to be removed from the HIMS Program. See attached Exhibits A-C.

9. Citing specific consultation with the Federal Air Surgeon's office, the request was denied by letter of Courtney D. Scott, Manager, Civil Aerospace Medical Certification Division, dated October 07, 2015. See Attached Exhibit D.

10. Mr. Henkelman filed a petition for review with the National Transportation Safety Board "NTSB" on November 14, 2015, Docket No. NA-30012.

11. The aforementioned Petition for Review was not accepted as described in the Order Not Accepting Petition issued by Chief Judge Montaño on December 22, 2015 pursuant to a claim that the Federal Air Surgeon had not issued a final denial pursuant to 49 U.S.C. § 44703. See attached Exhibit E.

12. Mr. Henkelman then applied for another unrestricted medical certificate on January 26, 2016 and by letter mailed February 2, 2016 requested that he either be issued an unrestricted medical certificate or a final denial of such request. See attached Exhibit F.

13. In a letter dated March 4, 2016, the Federal Air Surgeon failed to respond to his specific request to be issued an appealable final denial or release from the HIMS program. See attached Exhibit G

14. The Federal Air Surgeon and the Medical Certification Staff have not followed the recommendations of Mr. Henkelman's HIMS Program treatment team.

15. Petitioner filed a new Petition for Review with the National Transportation Safety Board on April 5, 2016. To date the National Transportation Safety Board has failed to process the Petition for Review. See Exhibits H and I.

16. Continuing participation in the HIMS program is overly burdensome in that the various components of the HIMS program are expensive and time consuming as the Petitioner is required to pay for repeating psychological and psychiatric examinations, physiological testing, and outpatient treatment programs, and complete these obligations outside of his federally mandated crew rest requirements. Furthermore, under the regulatory scheme surrounding "special issuance" medical certificates, the holder of a certificate is subject to have his certificate withdrawn by the Federal Air Surgeon without any legal right of review.

## STATEMENT OF CLAIM(S)

Petitioner is entitled to either an unrestricted airman medical certificate issued to him, for which he has applied, or alternatively, Petitioner is entitled to appeal the denial of the issuance of the airman medical certificate. Both the Administrator of the Federal Aviation Administration and the National

Transportation Safety Board have a clear legal duty to act with respect Mr. Henkelman and Mr. Henkelman has no other remedy available to him. See *Iddir v. INS*, F.3d 492 (7th Cir. 2002).

*1. Petitioner is entitled to the issuance of a medical certificate.*

On January 26, 2016 Petitioner applied for an unrestricted first class medical certificate to be issued in accordance with Title 14 Code of Federal Regulations Part 67. In support of his application Petitioner submitted to a medical examination and provided medical history, in the form of supporting documents, which demonstrates that Petitioner meets the Medical Standards prescribed in Part 67 of Title 14 Code of Federal Regulations. As such, in accordance with 49 U.S.C. § 44703 (a) and 14 C.F.R. §67.3, Petitioner is entitled to the Airman Medical Certificate for which he applied.

Furthermore, Petitioner made clear in a letter dated that February 2, 2016 that he was requesting that either be issued an unrestricted medical certificate or that he be issued a "final denial" of his request. In a letter dated March 4, 2016, the Federal Air Surgeon responded to Petitioner's letter but neither issued a medical or a denial.

The Federal Air Surgeon, who exercises delegated authority of the Administrator (see 14 C.F.R. § 67.413(b)(2)) is required to either issue or deny an application for a Medical Certificate in accordance with 49 U.S.C. Section 44703(a) which states, "[t]he Administrator of the Federal Aviation Administration shall issue an airman certificate to an individual when the Administrator finds, after investigation, that the individual is qualified for, and physically able to perform the duties related to, the position to be authorized by the certificate."

If after investigating his qualifications, the Administrator determines that Mr. Henkelman is non-qualified to hold the applied for certificate the statute further clarifies that, "(d)Appeals.—(1) An individual whose application for the issuance or renewal of an airman certificate has been denied may appeal the denial to the National Transportation Safety Board..."

Because the Federal Air Surgeon has failed to issue Mr. Henkelman the applied for medical certificate, one would expect that an appeal to the NTSB would be his recourse, however the NTSB has failed to accept his appeal, leaving Petitioner Henkelman with no remedy.

2.*Alternatively, Petitioner is entitled to appeal the denial of the issuance of a medical certificate*

Despite the fact that Mr. Henkelman has not been issued a standard issuance medical, the National Transportation Safety Board has once declined to recognize the Federal Air Surgeon's denial. Administrative Law Judge Montano, reasoned that a denial issued by an office other than the Federal Air Surgeons office, which denial indicated that the Federal Air Surgeon's office coordinated on, was not in fact action by the Federal Air Surgeon considered to be a denial for the purposes of 49 U.S.C. §44703 and 14 C.F.R. § 67.409(b)(2).

In an attempt to "perfect" the denial, Mr. Henkelman then re-applied for a medical and specifically requested that the Federal Air Surgeon either issue or deny him a medical. The Federal Air Surgeon again declined to issue Mr. Henkelman a standard issuance medical certificate.

Mr. Henkelman again petitioned the NTSB for review, but to date the NTSB has not heard his appeal. The NTSB's failure to hear his appeal is in contravention of a congressionally mandated duty of the NTSB, the duty codified in 49 U.S.C. § 44703(d).

Because The Federal Air Surgeon denied the issuance of a First-Class Airman Medical Certificate to Mr. Henkelman, Mr. Henkelman is entitled to an appeal before the NTSB. Because the NTSB is not hearing his appeal, Mr. Henkelman has no other adequate remedy.

The Petitioner has suffered prejudice and unnecessary burdens in that the Petitioner is denied due process rights, as his present "special issuance" medical certificate may be withdrawn at any time without legal recourse, additionally, the continuing participation in the activities required by the Federal Air Surgeon result in the unnecessary payment for psychological and psychiatric testing, examination and unnecessary medical treatment, all of which must be completed outside of his federal mandated crew rest requirements.

DEMAND FOR RELIEF

Petitioner has no plain, speedy, and adequate remedy in the ordinary course of law to compel the Administrator of the Federal Aviation Administration or the National Transportation Safety Board to act upon his application for an unrestricted airman medical certificate, and no remedy at all unless this petition is granted.

WHEREFORE, petitioner prays as follows:

1. Direct the National Transportation Safety Board to hear the appeal of the "de facto" denial of the Petitioners application for an airman medical certificate, and

2. Such other relief be granted that the Court considers proper.

Dated: November 16, 2016

Respectfully Submitted,
Pangia Law Group

Michael J. Pangia
mpangia@pangialaw.com
202.955.6450
1717 N St NW
Washington DC 20036

Co-Counsel for Petitioner
Talbot M. Martin
*pro hac vice* pending
tmm@barnettlegal.com
202.679.6676
Barnett & Borth LLC
1330 Bush St. 9N
San Francisco, CA 94109

DAVID A. BRYMAN, D.O.
SENIOR AVIATION MEDICAL EXAMINER
15041 N. AIRPORT DRIVE
SUITE 103
SCOTTSDALE, ARIZONA 85260
(602) 549-2291 OFFICE

July 15, 2015

Federal Aviation Administration
Office of Aviation Medicine, AAM-200
800 Independence Avenue SW, Room 801
Washington D.C. 20591
ATTN: Dr. Sager/Kathy Lincoln

Re: Re: Michael Henkelman

PI # 2175326

I am writing this letter on behalf of Michael Henkelman in regards to his special issuance for the HIMS program. Michael has been in monitoring for over 3 years and has been compliant with all aspects of the program. I do not feel that further monitoring is necessary for him, nor do I believe that there is any aeromedical risk to releasing him from the HIMS program at this time.

Sincerely

David Bryman, D.O
Senior AME, HIMS IMS

To: Dr. Greg Pinnell, MD
MBS International Airport
8430 Garfield Road
Freeland MI 48623

July 13, 2015

From: Robert O'Neil
Southwest Airlines, Phoenix Chief Pilot

RE: Captain Mike Henkleman #75885

Dr. Pinnell,

Either I or one of my Assistant Chief Pilots have been seeing Mike on a monthly basis as part of the prescribed protocol for the HIMNS program.
I feel confident saying that I have no concerns with Mike being removed from the HIMNS program. Initially Mike resisted admittance to the HIMNS program, but once he started we have nothing but good to report. Mike has been very diligent to schedule his monthly meetings with us and we feel that Mike has done very well over the last three years. Mike has been a rock solid Employee and we have had no issues at all with Mike.

I can recommend with confidence that Mike be considered for removal from the HIMNS program and be issued an unrestricted FAA Class One medical.

Please do not hesitate to contact me if I can be of further assistance.

Sincerely,

*Robert O'Neil*

Robert O'Neil
Southwest Airlines
Chief Pilot PHX

STEVEN JUERGENS, M.D.
11201 SOUTH EAST 8TH STREET, SUITE #105
BELLEVUE, WA 98004

Telephone: 425-454-0255

Fax: 425-454-3066

July 21, 2015

RE: Michael R. Henkelman

To Whom It May Concern:

I am a psychiatrist who has done the psychiatric evaluations on Michael Henkelman and have reported my findings in reports dated January 4, 2012; February 8, 2013; February 7, 2014; and February 4, 2015. Mr. Henkelman has a special issuance of his Airmen's First Class Medical Certificate that was initially issued on March 14, 2012, and reissued on September 4, 2014, with an expiration date for the special issuance being February 28, 2017, in the context of medical evidence that he has alcohol dependence. I last saw Mr. Henkelman on January 27, 2015. I have spoken with David Bryman, D.O., who is his AME, who would support an early release from his special issuance related to his being in the program for three and half years with negative UAs and compliance with the program. From my evidence from the evaluations of Mr. Henkelman I would have no objection to early release from his special issuance of his Airmen's First Class Medical Certification as the evidence I have is that he has done well as per my reports.

Sincerely,

Steven Juergens, M.D.
SJ/pm

cc: David A. Bryman, D.O.
Senior Medical Examiner
Aviation Business Center
15041 N Airport Drive, Suite 103
Scottsdale, AZ 85260

US Department of Transportation
Federal Aviation Administration

Federal Aviation Administration
Civil Aerospace Medical Institute (CAMI)
Aerospace Medical Certification Division

P.O. Box 25082
Oklahoma City, OK 73125-9867
(405) 954-4821

OCTOBER 07, 2015

AAM-313

MICHAEL HENKELMAN
6669 S LYON DR
GILBERT AZ 85298

Ref: PI # 2175326
MID # 200006965167
APP ID # 1999161697

Dear Mr. Henkelman:

Your file has been reviewed by our Chief Psychiatrist in the Federal Air Surgeon's office.

We have reviewed your medical records including the physical examination of July 20, 2015, performed by David Bryman, D.O. and the additional information included. Based on careful review we have determined that we cannot discontinue monitoring at this time.

We have reviewed your previous medical history, and it appears that you would not complete your sixty months of monitoring until the end of February 2017.

With appropriate documentation that indicates that you are favorably adhering to your supervised monitoring program, we would be happy to consider discontinuing your monitoring at that time.

Sincerely,

Linda Brumley for
Courtney D. Scott, D.O., M.P.H.
Manager, Aerospace Medical Certification Division
Civil Aerospace Medical Institute

cc: DAVID A BRYMAN D.O.
Steven Juergens M.D.

lmb

Served: December 22, 2015

UNITED STATES OF AMERICA
**NATIONAL TRANSPORTATION SAFETY BOARD**
OFFICE OF ADMINISTRATIVE LAW JUDGES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petition of

MICHAEL HENKELMAN

for review of the denial by the Administrator of the Federal Aviation Administration of the issuance of an airman medical certificate.

Docket NA-30012

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER NOT ACCEPTING PETITION

*Served:*

Charles R. Barnett, III
800 Waukegan Road, Suite 200
Glenview, Illinois 60025

*(BY CERTIFIED MAIL)*

Susan S. Caron, Esq.
Federal Aviation Administration
Office of Chief Counsel
800 Independence Avenue, S.W.
Washington, D.C. 20591

*(BY FAX)*

On November 3, 2015, petitioner, through counsel, filed a "Petition for Review" of "the Administrator's Denial of Airman's Medical Certificate dated October 7, 2015." That petition was received by this office on November 4, 2015. Attached was a copy of an October 7, 2015 letter from the Manager of the Aerospace Medical Certification Division (AMCD) of the Federal Aviation Administration (FAA), which informed petitioner that, after review of petitioner's file "by our Chief Psychiatrist in the Federal Air Surgeon's office," AMCD had "determined that [they] cannot discontinue monitoring at this time." That letter did not say that his medical certification had been denied, and did not inform petitioner of his appeal rights nor did that letter give him instructions regarding review by the National Transportation Safety Board. That letter did indicate that petitioner "would not complete [his] sixty months of monitoring until the end of February 2017," and that, "[w]ith appropriate documentation that indicates that [he was] favorably adhering to [his] supervised monitoring program, [AMCD] would be happy to consider discontinuing [his] monitoring at that time."

Under 49 U.S.C. § 44703(d), "an individual *whose application for the issuance or renewal of an airman certificate has been denied*" by the Administrator of the FAA may seek review of that determination by the Board (emphasis added). In the absence of an

administratively final certificate denial, the Board has no review authority over that action under 49 U.S.C. § 44703(d).[1]

THEREFORE, IT IS ORDERED that the petition for review of a denial of medical certification by the Federal Aviation Administration is NOT ACCEPTED for lack of jurisdiction, and that this proceeding is hereby TERMINATED.

Entered this 22nd day of December, 2015, at Washington, D.C.

Alfonso J. Montaño
Chief Administrative Law Judge

---

[1] Even if the petition herein involved a final denial, it should be noted that the Board's jurisdiction to review medical certificate denials extends only to denials of unrestricted medical certification. If the basis for final denial were psychosis, bipolar disorder, or a personality disorder that is severe enough to have repeatedly manifested itself by overt acts, then it would appear that such a history may specifically disqualify petitioner from holding unrestricted medical certification.

## APPEAL (DISPOSITIONAL ORDER)

Any party to this proceeding may appeal this order by filing a written notice of appeal within 10 days after the date on which it was served (the service date appears on the first page of this order). An original and 3 copies of the notice of appeal must be filed with the:

National Transportation Safety Board
Office of Administrative Law Judges
Room 4704
490 L'Enfant Plaza East, S.W.
Washington D.C. 20594
Telephone: (202) 314-6150 or (800) 854-8758

That party must also perfect the appeal by filing a brief in support of the appeal within 30 days after the date of service of this order. An original and one copy of the brief must be filed directly with the:

National Transportation Safety Board
Office of General Counsel
Room 6401
490 L'Enfant Plaza East, S.W.
Washington, D.C. 20594
Telephone: (202) 314-6080
FAX: (202) 314-6090

The Board may dismiss appeals on its own motion, or the motion of another party, when a party who has filed a notice of appeal fails to perfect the appeal by filing a timely appeal brief.

A brief in reply to the appeal brief may be filed by any other party within 30 days after that party was served with the appeal brief. An original and one copy of the reply brief must be filed directly with the Office of General Counsel in Room 6401.

**NOTE: Copies of the notice of appeal and briefs must also be served on all other parties to this proceeding.**

An original and one copy of all papers, including motions and replies, submitted thereafter should be filed directly with the Office of General Counsel in Room 6401. Copies of such documents must also be served on the other parties.

The Board directs your attention to Rules 7, 43, 47, 48 and 49 of its Rules of Practice in Air Safety Proceedings (codified at 49 C.F.R. §§ 821.7, 821.43, 821.47, 821.48 and 821.49) for further information regarding appeals.

**ABSENT A SHOWING OF GOOD CAUSE, THE BOARD WILL NOT ACCEPT LATE APPEALS OR APPEAL BRIEFS.**

Dr. James R. Fraser, M.D.
Federal Air Surgeon
Federal Aviation Administration
Office of Aerospace Medicine
800 Independence Ave., SW
Washington, DC 20591

RE: PI# 2175326

Dear Dr. Fraser,

On 25 January 2016 I applied for an airman medical certificate pursuant to 14 C.F.R. § 67.4. I was issued a Special Issuance medical pursuant to 14 C.F.R. Part § 67.401 on 26 January 2016 by David Bryman, D.O. I appreciate and agree with the determination that I do not endanger public safety. I also believe that I qualify for a regular issuance medical pursuant for 14 C.F.R. § 67.3.

I request that my file including my most recent application be reviewed by your office. I trust that, contrary to Dr. Scott's letter of October 07, 2015, you will find that I am fully qualified to be a holder of an unrestricted medical certificate issued pursuant to 14 C.F.R. § 67.3. Should you disagree I respectfully request that you issue a final denial letter.

Sincerely,

Michael Henkelman
6669 S Lyon Dr.
Gilbert, AZ 85298

U.S. Department
of Transportation
**Federal Aviation
Administration**

Office of Aerospace Medicine
800 Independence Ave., S.W.
Washington, D.C. 20591

MAR - 4 2016

Mr. Michael Henkelman
6669 S. Lyon Drive
Gilbert, AZ 85298

Dear Mr. Henkelman:

Thank you for your recent letter which we received March 1, 2016 regarding your special issuance medical certificate.

We are extremely happy that you are doing so well in your recovery. Our consulting psychiatrist has again reviewed your record. More than one mental health professional had recommended a 5-year monitoring plan in the 2010-2012 time frame. We believe there is no reason to deviate from what has obviously been a successful treatment plan so far. The special issuance authorization is due to expire in February 2017.

We wish you continued good health and safe flying. If you have further questions, please contact Dr. Penny Giovanetti at 202-267-8035.

Sincerely,

James R. Fraser

James R. Fraser, M.D.
Federal Air Surgeon

From: Talbot M. Martin tmm@barnettlegal.com
Subject: Petition for Review
Date: April 5, 2016 at 4:45 PM
To: ALJappeals aljappeals@ntsb.gov
Cc: Paul Borth prb@barnettlegal.com, Charles Barnett III crb@barnettlegal.com, Metal Henkelman henkelman737@yahoo.com

TM

Dear Case Manager,

Please see the attached Petition for Review with Exhibits.

Sincerely,

Talbot Martin
Of Counsel
Barnett & Borth, LLC

tmm@barnettlegal.com
c.202.679.6676
f.815.356.7042

PDF

Petition for
Review...its.pdf

From: **ALJappeals** ALJappeals@ntsb.gov
Subject: RE: Henkelman Petition for Review
Date: July 6, 2016 at 12:57 PM
To: Talbot M. Martin tmm@barnettlegal.com, **ALJappeals** ALJappeals@ntsb.gov
Cc: Charles R. Barnett, III crb@barnettlegal.com

Hi Talbot,

Sorry for the delay. Yes, it is still in the queue. Emergencies and hearings have been rampant....

Bob

---

**From:** Talbot M. Martin [mailto:tmm@barnettlegal.com]
**Sent:** Friday, July 01, 2016 1:01 PM
**To:** ALJappeals
**Cc:** Charles R. Barnett, III
**Subject:** Henkelman Petition for Review

Hi Bob,

Can you give me a status update on the Petition for Review filed on behalf of Michael Henkelman?

Talbot Martin
Of Counsel
Barnett & Borth, LLC

tmm@barnettlegal.com
c.202.679.6676
f.815.356.7042